UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH RIVERS,

    Plaintiff,

v.

NATIONAL UNIVERSITY,

    Defendant.

Case No. 19-cv-06894-JCS

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Re: Dkt. Nos. 1, 2

## I. INTRODUCTION AND IN FORMA PAUPERIS APPLICATION

Plaintiff Keith Rivers, pro se, has applied to proceed in forma pauperis. Good cause having been shown, that application is GRANTED. The Court now reviews the sufficiency of Rivers's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim falling within this Court's subject matter jurisdiction, Rivers is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Rivers may file either an amended complaint, or a response to this order arguing why his current complaint is sufficient, no later than February 19, 2020.

The case management conference previously set for January 24, 2020 is CONTINUED to May 15, 2020 at 2:00 PM in Courtroom F, located on the fifteenth floor of the federal courthouse at 450 Golden Gate Avenue, San Francisco, California.

## II. ALLEGATIONS OF THE COMPLAINT

Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Rivers's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

United States District Court
Northern District of California

Rivers, who is currently a graduate student at Defendant National University, inquired with National University Student Finance Advisor Marina Dalton on February 26, 2019 whether he could use a "Grad Plus" loan and whether he should submit his rental application with his application for financial aid. Compl. (dkt. 1) at 1.[1] Dalton responded the same day, stating that Rivers should wait until he received a checklist to determine whether he would need to submit his lease, and discouraging him from taking out a Grad Plus loan unless necessary. *Id.* at 1–2. In March of 2019, National University confirmed Rivers's enrollment. *Id.* at 2. In April of 2019, Rivers emailed the financial aid office because he had been enrolled for five weeks but had not received financial aid, and received a response from Student Finance Advisor Lynn Nakamoto that he would need to wait for a decision. *Id.* Another financial aid counselor told Rivers two days later that she was not sure when Rivers would receive financial aid, and that review by the Financial Aid Committee might "take a little longer." *Id.*

Rivers eventually received financial aid on April 24, 2019, seven weeks after his classes started, in the amount of $2,000 per month—the average amount awarded to all National University students. *Id.* That amount was not sufficient to cover expenses for Rivers, whose rent alone is $2,269.05 per month. *Id.* Rivers emailed Student Finance Advisor Marina Dalton again on May 1, 2019 to request a budget increase and attached his lease. *Id.* at 2–3. Two weeks later, having not received an increase, Rivers emailed National University again to complain about being charged tuition while not receiving sufficient financial aid to cover his costs of living. *Id.* at 3. National University's Assistant Director of Financial Aid Ashlie Greene responded that day that she would look into the issue and get back to Rivers the next morning. *Id.* Nine days later, on May 24, 2019, Greene told Rivers that his appeal had been denied by the Financial Aid Committee due to insufficient documentation. *Id.*

Rivers explains his claim as follows:

> According to the Federal Government and the Department of Education, "Acceptable documentation for a Budget Increase may

---

[1] Citations herein to Rivers's complaint refer to the page numbers assigned by the Court's electronic filing system. If Rivers files an amended complaint, he is encouraged to use consecutively numbered paragraphs and to label any attachments as exhibits for ease of citation.

2

> consist of receipts, estimates of costs, billing statements, written statements, etc." The Defendants have purposely and knowingly lied to the Plaintiff and are breaking their agreement to accept his lease and are breaking the agreement promised by the Department of Education. The Plaintiff respectfully requests that this court grant relief due to the negative actions of the Defendants. All of these negative actions occurred towards the Plaintiff strictly and solely because he is a male and he is African American.

*Id.*

Rivers submits with his complaint a printout of a UC Santa Cruz financial aid website, which he describes as an "Example of Financial Aid and Budget Increase based on Lease" and which includes language similar to that attributed to the Department of Education in his complaint, *id.* at 5, printouts of his account statements with National University, *id.* at 6, a March 2019 account statement from his apartment rental company, *id.* at 7, and an eviction warning for nonpayment of rent dated June 7, 2019, *id.* at 8.

## III. ANALYSIS

### A. Legal Standard

#### 1. Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). Two of the most common grounds for federal subject matter jurisdiction are "federal question jurisdiction" under 28 U.S.C. § 1331, which allows federal courts to hear claims arising under federal law, and "diversity jurisdiction" under 28 U.S.C. § 1332(a), which allows federal courts to hear claims arising under state law if the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

If a court has subject matter jurisdiction over at least one claim based on one of those statutes or some other specific grant of jurisdiction, the court may also exercise supplemental subject matter jurisdiction over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In determining whether claims are sufficiently

3

1    related to meet that test, courts look to whether they share a "'common nucleus of operative fact.'"
2    *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173–74 (9th Cir. 2002) (quoting *United Mine*
3    *Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

### 2. Pleading Standard and § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

4

litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Rivers Fails to State a Claim

Rivers's present complaint does not state a claim on which relief may be granted. To the extent that Rivers bases his claim on breach of a purported agreement by National University to provide sufficient financial aid to cover the cost of his rent and other expenses, he has not alleged that National University ever agreed to do so. Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830 (1968)). Rivers has not alleged the first element of the claim—any contract or agreement that National University would provide sufficient financial aid to pay for Rivers's rent if Rivers submitted his lease.

Moreover, even if Rivers can amend to allege such an agreement, claims for breach of contract generally arise under state law rather than federal law, and it is not clear whether there is a basis for this Court to exercise subject matter jurisdiction over the claim, although a breach of contract claim might fall within the Court's supplemental jurisdiction if Rivers is also able to amend to state claim for violation of federal law as discussed below.

To the extent that Rivers bases his claim on a purported requirement by the U.S. Department of Education that universities grant financial aid increases based on students' lease agreements, he has not identified any federal law so requiring. The language that Rivers quotes in his complaint appears to come from the University of California Santa Cruz, not the Department of Education. That language also states only that leases and other categories of documents *may* be sufficient to support a financial aid increase, not that universities are *required* to grant increases based on lease agreements. To support Rivers's claim, such a law would also need to allow students to bring a private lawsuit to enforce any violations. Having not identified any such law,

5

Rivers has not stated a claim on which relief may be granted.

Finally, Rivers's assertion that National University based its decision on Rivers's gender and race suggests a claim under federal antidiscrimination law—perhaps Title VI of the Civil Rights Act of 1964, which prohibits discrimination based on race in programs receiving federal funding, or Title IX of the Education Amendments of 1972, which prohibits discrimination based on sex in educational programs receiving federal funding. In his present complaint, however, Rivers's assertion as to why National University declined to increase his aid is a conclusion not plausibly supported by any factual allegations. *See Iqbal*, 556 U.S. at 680–81 (holding that "bare assertions" that government officials adopted a policy based on the religion, race, and national origin of people affected by that policy were not sufficient without supporting factual allegations). A 2013 decision from this district, dismissing a claim asserting education discrimination based on Chinese ethnicity for lack of sufficient factual allegations, identified some of the ways a plaintiff might be able to support such a claim:

> Such facts might include allegations of overtly racially-motivated misconduct, such as the use of racial slurs, which the FAC does not allege. *Cf. Monteiro* [*v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1032 (9th Cir. 1998)]. A plaintiff could allege that other members of the protected class suffered similar mistreatment, but the FAC does not discuss the treatment of other ethnically Chinese students. *Cf. id.* Conversely, a plaintiff could allege facts showing that she was treated less favorably than similarly situated students who were not members of the protected class. *See Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 882 (9th Cir. 2007) (Title VII discrimination).

*Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2013 WL 812425, at *4 (N.D. Cal. Mar. 5, 2013). Here, Rivers has not alleged any facts supporting the conclusion that National University declined to increase his financial aid *because* he is male and African American. Rivers also has not alleged that National University receives federal funding, as would be necessary to state a claim under Title VI or Title IX.

## IV. CONCLUSION

For the reasons discussed above, Rivers is ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to state a claim on which relief may be granted by filing, no later than February 19, 2020, either an amended complaint or a response arguing why his current

complaint is sufficient. If Rivers does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (19-cv-06894) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Rivers's original complaint by reference, but instead must include all of the facts and claims Rivers wishes to present and all of the defendants he wishes to sue. *See Ferdik*, 963 F.2d at 1262.

Rivers, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982, signing up in the appointment book located outside either office, or emailing federalprobonoproject@sfbar.org. Telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: January 23, 2020

JOSEPH C. SPERO
Chief Magistrate Judge